UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
GENERAL ELECTRIC CO.,

                           Plaintiff,                  **ORDER**
        -against-                                CV 06-5581 (LDW) (ARL)

DR SYSTEMS, INC.,

                           Defendant.
----------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Before the court is a series of letter applications from the parties. The court addresses them as follows:

      Plaintiff's letter application, dated May 4, 2007, seeks to compel the production of documents and information relating to defendant's settlement agreements with third parties relating to the accused products in this patent case. According to the plaintiff, it seeks those agreements to determine what the defendant considered to be a reasonable royalty when it licensed its comparable patent. Thus, plaintiff claims that evidence of what defendant accepted under those agreements will likely be relevant to the determination of a reasonable royalty in this case. Defendant opposes the application by letter dated May 14, 2007.[1] Defendant argues that the settlement agreements sought by the plaintiff are irrelevant to the issues in this case, and suggests that the disclosure of these agreements in this action will prejudice it in another lawsuit pending in the Southern District of California brought by DR against GE and other co-defendants. Defendant also argues that plaintiff has failed to make a "particularized showing" that the settlement documents are reasonable calculated to lead to the discovery of admissible evidence as is required.

      Federal Rule of Civil Procedure 26(b) permits the discovery of "any matter, not privileged, that is relevant to the claim or defense of any party." Rule 26(b) further provides that "[r]elevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Notwithstanding the broad discovery contemplated by Rule 26, district courts in the Second Circuit have applied a heightened standard to the production of the terms of settlement agreements and documents related thereto. See, e.g., Morse Diesel, Inc. v. Fidelity & Deposit Co., 122 F.R.D. 447, 451 (S.D.N.Y. 1988); Bottaro v. Hatton Assocs., 96 F.R.D. 158 (E.D.N.Y. 1982). This heightened standard requires the party seeking production to make "'some particularized showing of a likelihood that admissible evidence will be generated by the

---

[1] The court notes that this court's May 10th order extended the defendant time to oppose the application through May 14. Accordingly, this letter is timely.

dissemination of the terms of the settlement agreement.'" Morse Diesel, 122 F.R.D. at 450, quoting Bottaro, 96 F.R.D. at 160.

Here, the plaintiff argues only that the settlement agreements are relevant and discoverable under Rule 26(b)'s liberal discovery provision. This argument, however, fails to meet the applicable heightened standard particularly in the face of defendant's claim that the settlement agreements do not concern the patents at issue in this case and are sought simply to gain a tactical advantage in another case between the parties. Accordingly, the plaintiff's May 4th application is denied at this time.

Plaintiff also moves by letter dated May 15, 2007 for an order compelling the defendant to provide responses to its interrogatories, served on March 29, 2007. The interrogatories sought the defendant's construction of each term in the claims that defendant contends requires construction. Defendant responded to the interrogatories on May 2, 2007, declining to construe such terms because it had not yet received a substantive response from plaintiff to its request for plaintiff's proposed claims constructions. Plaintiff argues that the defendant's untimely interrogatory response constitutes a waiver of any objections. Plaintiff also explains that, in an attempt to resolve this issue without judicial intervention, it suggested that the parties simultaneously exchange their claims constructions and that the defendant rejected this proposal. Defendant opposes the application by letter dated May 18th, arguing that the plaintiff should be required to provide a substantive response to defendant's claim construction interrogatory and also cross-moves on this issue by letter application dated May 15, 2007.

The defendant's letter application seeks an order compelling the plaintiff to respond fully to its interrogatories concerning the construction of several terms of the 122 patent claims GE has asserted in this case and providing defendant with a reasonable 10-day period within which to provide its responsive claims constructions. Plaintiff opposes the application by letter dated May 21, 2007. Plaintiff asserts that its interrogatory response was full and complete and states that it is the defendant who has failed to construe its claim despite plaintiff's service of interrogatories in this regard in March 2007. Plaintiff represents that it has already constructed 28 terms it believes may be disputed and requests that the court resolve this issue by requiring a simultaneous exchange of construed claim terms.

As a threshold matter, given the court's preference for determining cases on their merit, the plaintiff's request that the court find that defendant has waived its objection to the interrogatories is denied. The court turns to the merits of the cross-motions to compel. The defendant's second interrogatory seeks GE's construction of the asserted claims of GE's five patents-in-suit. See DR Systems' Interrogatory No. 2, annexed to its May 15, 2007 letter as "Exhibit A." GE's response asserted that each of the 122 asserted claims "is to be given its ordinary and customary meaning as understood by a person of ordinary skill in the art at the time of the invention." GE's Response and Supplemental Response, annexed to DR's May 15, 2007 letter as "Exhibit B" and "Exhibit C", respectively. Defendant represents that, in an effort "to move discovery matters along," it narrowed the terms deemed to require construction by GE and

2

provided GE's counsel with a list of 100 such claim terms on April 30, 2007. In response, GE provided constructions for 22 of the 100 claim terms identified by DR. DR represents that it offered to reconsider the remaining 78 claim terms but GE "cut-off the compromise dialogue" on May 15, 2007. Accordingly, DR compels the GE's construction of the remaining 78 claim terms.

Given DR's willingness to reconsider whether it requires construction of the 78 claim terms at issue here, the parties are directed to meet and confer either in person or by telephone in an attempt to resolve this matter.

With regard to the plaintiff's motion to compel, the court declines to order a simultaneous exchange of term constructions. Rather, plaintiff shall provide claims constructions and DR shall provide responsive claims constructions 10 days thereafter. Finally, the court will extend the June 15, 2007 deadline for the completion of claims construction discovery to **July 15, 2007**.

Dated: Central Islip, New York
May 25, 2007

/s/
ARLENE R. LINDSAY
United States Magistrate Judge