UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
GENERAL ELECTRIC CO.,

                    Plaintiff,          **ORDER**
        -against-                         CV 06-5581 (LDW) (ARL)

DR SYSTEMS, INC.,
                    Defendant.
---------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      By order dated May 31, 2007, the undersigned granted the plaintiff's motion for leave to move for reconsideration of this court's May 25, 2007 order and permitted the parties to submit additional argument by June 6, 2006 regarding whether the settlement documents at issue are discoverable. In response to that order, the plaintiff has submitted a letter dated June 6, 2007 and the defendant has submitted a letter dated June 7, 2007.

      As a threshold matter, the defendant acknowledges that its submission is untimely and urges that the court nonetheless consider its letter because the attorney with primary responsibility for this matter was out of the office for surgery and therefore could not meet the deadline. In addition, defendant explains that the attorney who ultimately submitted the letter was unable to electronically file the document on June 6, but did so promptly on June 7. Given these circumstances, the court accepts the defendant's submission.

      With regard to the merits of the application, plaintiff argues that the court misapplied the law by imposing a higher burden on the plaintiff in establishing that the settlement documents at issue are discoverable. In this regard, the plaintiff contends that recent case law does not require a "'particularized showing' that evidence relating to settlements is likely to be *admissible at trial* before such documents are produced in discovery." See Pl.'s letter, dated June 6, 2007, citing Rates Tech. v. Cablevision Sys. Corp., No. CV 05-3583, 2006 WL 3050879 at *2-3, n. 3 (E.D.N.Y. Oct. 20, 2006). Plaintiff asserts that the court was led into "legal error" by the defendant's citation to Bottaro v. Hatton Assocs., 96 F.R.D. 158 (E.D.N.Y. 1982) and argues that Bottaro's "particularized showing" is no longer good law.

      District courts within this Circuit have disagreed over the applicable standard concerning the discovery of settlement documents. See A.I. Trade Finance v. Centro Internationale Handelsbank, A.G., 1996 WL 732635, at n.1 (S.D.N.Y. Dec. 20, 1996); Tribune Co. v. Purcigliotti, 1996 WL 337277, *2 (S.D.N.Y. June 19, 1996) (while recognizing that the Bottaro standard "has not been universally adopted in this Circuit," the court nonetheless required a "slightly heightened showing of relevance where settlement information is sought."); SEC v. Thrasher, 1996 WL 94533, at *2 (S.D.N.Y. Feb. 27, 1996) (recognizing that courts have applied "a modest presumption against disclosure of settlement negotiations in those circumstances in which disclosure seems likely to chill parties' willingness to make the sort of disclosure in

settlement discussions that are necessary to achieve agreement."); Riddell Sports Inc. v. Brooks, 1995 WL 20260, at *1 (S.D.N.Y. Jan. 19, 1995) ("[A]bsent a 'particularized showing' of their relation to admissible evidence, documents concerning settlement are presumed irrelevant and need not be produced"); Matsushita Elec. Corp. v. Loral Corp., 1995 WL 527640, at *4 (S.D.N.Y. Sept. 7, 1995) ("[I]t is reasonable to require that the discovering party, as the price for obtaining such potentially disruptive disclosure [in the form of settlement discussions], make a fairly compelling showing that it needs the information."); Morse Diesel, Inc. v. Fidelity & Deposit Co., 122 F.R.D. 447, 450 (S.D.N.Y. 1988) (the court considered the conflicting views among district courts as to the showing needed to compel such discovery); Weissman v. Fructman, 1986 WL 15669 (S.D.N.Y. Oct. 31, 1986). The more recent cases in this Circuit have applied Rule 26's relevancy standard to the disclosure of settlement documents. See, e.g., Conopco, Inc. v. Wein, CV 05-9899(RCC), 2007 WL 1040676 (S.D.N.Y. April 4, 2007); In re Initial Public Offering Securities Litig., 2004 WL 60290, at *5 (S.D.N.Y Jan. 12, 2004) (applying Rule 26's relevancy standard while noting that "a number of courts have held that settlement materials require a particularized showing of relevance before they may be discovered"); Johnson Matthey, Inc. v. Research Corp., 2003 WL 24136087 (S.D.N.Y. June 16, 2003); ABF Capital Mgmt. v. Askin Capital Mgmt., 2000 WL 191698 (S.D.N.Y. Feb. 10, 2000); U.S. v. Barrier Indus., Inc., 1997 WL 97842, at n.2 (S.D.N.Y. March 5, 1997); S.E.C. v. Downe, 1994 WL 23141, at *6 (S.D.N.Y. Jan. 27, 1994) (collecting cases). Upon re-examination of this issue, the undersigned joins what is clearly the most recent view that Rule 26's relevancy standard applies to the disclosure of settlement documents.

Even applying the more liberal standard of Rule 26, however, the court finds that disclosure is not warranted at this time. Plaintiff asserts that the settlement documents at issue are relevant to the issue of appropriate royalty payments and witness state-of-mind. The defendant urges that settlement documents are not relevant to establishing a reasonable royalty, and further that the plaintiff's true motive in obtaining the documents at issue is to obtain a tactical advantage in another case between the parties involving the same lawyers and parties. In that other case, GE's co-defendants have settled with DR and it is those confidential settlement documents that GE seeks to discover in this action.

As an initial matter, settlement agreements reached to resolve litigation or threatened litigation are generally not relevant to the issue of what may constitute a reasonable royalty. Cornely v. Marckwald, 131 U.S. 159, 161, 9 S. Ct. 744 (1889) (finding patentee's evidence that nine other suits had been settled for a royalty of $50 per infringing machine was not competent evidence to prove an established royalty rate, and explaining that "the payment of a sum in settlement of a claim for an alleged infringement of a patent 'cannot be taken as a standard to measure the value of the improvements patented, in determining the damages sustained bu the owner of the patent in other cases of infringement.'" ), quoting Rude v. Westcott, 130 U.S. 152, 164, 9 S. Ct. 463, 468 (1889) (declining to accept the sum paid in settlement of a claim of infringement as the standard to measure the value of the patent because "[m]any considerations other that the value of the improvements patented may induce the [settlement of] such cases [including] [t]he avoidance of the risk and expense of litigation . . . ."); Hanson v. Alpine Valley Ski Area, Inc., 718 F.2d 1075, 1078-79 (Fed. Cir. 1983) ("[S]ince the [settlement] offers were made after the infringement had begun and litigation was threatened or probable, their terms should not be considered evidence of an 'established royalty' since [l]icense fees negotiated in

2

the face of high litigation costs 'may be strongly influenced by a desire to avoid full litigation . . . .'"), citing Panduit Corp. v. Stahlin Bros. Fibre Works, Inc., 575 F.2d 1152, 1164 at n.11 (6th Cir. 1978) (settlement agreement by patent holder and third-party could not be considered as evidence to prove an established royalty rate because agreement "may be strongly influenced by a desire to avoid full litigation."); see also Mickowski v. Visi-Trak Corp., 36 F. Supp.2d 171, 181 (S.D.N.Y. 1999), aff'd., 230 F.3d 1379 (Fed. Cir. 2000) ("[A] license entered into in settlement of litigation may not accurately reflect the royalty that the parties would have negotiated prior to commencement of litigation."). While exceptions to the general rule exist where the settlement agreement can be characterized as a licensing agreement, the record before this court is insufficient to make that determination. Moreover, where as here, the settlement agreement concerns a different patent, its possible relevance to the question of what constitutes a reasonable royalty for the patent at issue is remote at best.

Finally, to the extent plaintiff's counsel asserts that the settlement agreement is relevant to witness state of mind, this argument, without more, is simply unavailing. Accordingly, the court declines to order disclosure of the settlement agreement.

Dated: Central Islip, New York
      June 20, 2007                                              /s/
                                                      ARLENE R. LINDSAY
                                                      United States Magistrate Judge